Paul M. Belnap, #0279
Chet W. Neilson, #13561
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT  84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
*Attorneys for Defendants*
pbelnap@strongandhanni.com
cneilson@strongandhanni.com

---

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RECREATION PROPERTIES UNLIMITED LLC, KEITH HICKEN, KENNETH HICKEN, individually and as Personal Representative for the Estate of Phillip Hicken, LINDA HICKEN, IRENE CURTIS, DIANE FENN, and DOUGLAS HICKEN,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Case No.: 2:21-cv-00136-DAO<br><br>Magistrate Judge: Daphne A. Oberg |

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), in support of its Complaint for Declaratory Relief, pleads as follows:

### I.      INTRODUCTION

1.      This is an action for declaratory relief and a declaration that Scottsdale owes no coverage under the Commercial General Liability policy no. CPS3178302 issued to Recreation Properties Unlimited, LLC ("RPU"), effective April 18, 2019 to April 18, 2020 with a per

occurrence and aggregate limit of liability of $3 million (the "Policy") for the claims alleged in

the action entitled *Kenneth Hicken, Individually and as Personal Representative for the Estate of*

*Phillip Hicken; Linda Hicken; Irene Curtis; Diane Fenn; and Douglas Hicken v. Keith Hicken*

*and Recreational Properties Unlimited LLC*, Utah District Court, Duchesne County, Case No.

200800033 (the "Underlying Action") concerning the death of Phillip Hicken.  A copy of the

Policy is attached hereto as Exhibit A.  A copy of the complaint filed in the Underlying Action is

attached hereto as Exhibit B.

## II.     THE CITIZENSHIP OF THE PARTIES

2.     Plaintiff Scottsdale is, and was at the time of the filing of this action, a citizen of

Ohio and Arizona.  Specifically, Scottsdale is a corporation organized under the laws of the State

of Ohio with its principal place of business located in Scottsdale, Arizona.

3.     Scottsdale is informed and believes that defendant RPU is and was at the time of

the filing of this action, a limited liability company organized under the laws of the State of Utah

with its principal place of business located in Midway, Utah.

4.     Scottsdale is informed and believes that defendant Keith Hicken is a natural person

who is and was at the time of the filing of this action, domiciled in and a citizen of the State of

Utah.  Scottsdale is further informed and believes that Keith Hicken is the natural child of Phillip

Hicken, deceased.  Scottsdale is informed and believes that Keith Hicken may be an employee of

RPU.

5.     Scottsdale is informed and believes that defendant Kenneth Hicken is a natural

person who is and was at the time of the filing of this action, domiciled in and a citizen of the State

of Utah.  Scottsdale is further informed and believes that Kenneth Hicken is the duly appointed personal representative and natural child of Phillip Hicken, deceased.  At all relevant times, decedent Phillip Hicken was a resident and citizen of the State of Utah.

6.      Scottsdale is informed and believes that defendant Linda Hicken is a natural person who is and was at the time of the filing of this action, domiciled in and a citizen of the State of Utah.  Scottsdale is further informed and believes that Linda Hicken is the surviving spouse of Phillip Hicken, deceased.

7.      Scottsdale is informed and believes that defendant Irene Curtis is a natural person who is and was at the time of the filing of this action, domiciled in and a citizen of the State of Oregon.  Scottsdale is further informed and believes that Irene Curtis is the natural child of Phillip Hicken, deceased.

8.      Scottsdale is informed and believes that defendant Diane Fenn is a natural person who is and was at the time of the filing of this action, domiciled in and a citizen of the State of Utah.  Scottsdale is further informed and believes that Diane Fenn is the natural child of Phillip Hicken, deceased.

9.      Scottsdale is informed and believes that defendant Douglas Hicken is a natural person who is and was at the time of the filing of this action, domiciled in and a citizen of the State of Utah.  Scottsdale is further informed and believes that Douglas Hicken is the natural child of Phillip Hicken, deceased.

### III.    <u>JURISDICTION AND VENUE</u>

10.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because

this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  Specifically, plaintiff Scottsdale is a citizen of Ohio and Arizona, and all of the defendants are citizens of Utah or Oregon.  In addition, the amount in controversy exceeds $75,000 because the defendants are seeking damages or coverage under the Policy for the death of Phillip Hicken of more than $75,000 in the Underlying Action.  In addition, the Court also has jurisdiction to declare the rights of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## IV.   FACTUAL ALLEGATIONS

### A.   The Underlying Action

11.    Kenneth Hicken, Individually and as Personal Representative for the Estate of Phillip Hicken, Linda Hicken, Ilene Curtis, Diane Fenn and Douglas Hicken filed a complaint in the Underlying Action against Keith Hicken and RPU alleging three claims for: (1) Negligence against Keith Hicken; (2) Negligence against RPU; and (3) Wrongful Death against Keith Hicken and RPU arising out of the death of Phillip Hicken.

12.    Plaintiffs in the Underlying Action allege that on August 31, 2019, Phillip Hicken was "agriculturally employed" by his son Keith in the operation of a sod farm and working at approximately 11296 South 3000 West in unincorporated Duchesne County, Utah.  (Ex. B, ¶¶ 9, 10.)  Keith was attempting to start a custom-built tractor, consisting of the front end of a John Deere 8630 and the back end of a John Deere 8640, which was "owned and maintained" by RPU, when the fatal accident occurred.  (Ex. B, ¶¶ 11-12.)

13.    RPU, at unspecified time(s), "loaned" the tractor for Keith's "use at his own

adjacent sod farm." (Ex. B, ¶ 13.)  Keith is an employee of RPU.  At the time of Phillip's death, Keith was not in the course and scope of his employment.  The course and scope of Keith's employment included performing maintenance tasks on the tractor, but he was not the only employee responsible for maintaining the tractor in proper working order.  (Ex. B, ¶¶ 14-15.)

14.     The tractor's transmission has a "park" setting, which is the indicated setting for starting the tractor.  (Ex. B, ¶ 16.)  Keith instead placed the transmission in what he thought was neutral, in close proximity to the "C" setting.  (Ex. B, ¶ 17.)  Keith started the engine, but it was running rough, and he could not get it off idle.  He left the cab and walked onto the tires to inject ether into the engine intake to get it to run more smoothly.  (Ex. B, ¶ 18.)  While he was standing on the tires, the tractor started to move forward while Phillip was standing near the front of the tractor.  It ran over Phillip and he perished shortly thereafter.  (Ex. B, ¶ 19.)  Plaintiffs in the Underlying Action contend that the wrongful conduct of Keith Hicken and RPU caused the death of Phillip Hicken and seek damages.

15.     Thereafter, Keith Hicken filed a cross-complaint against RPU alleging that RPU is responsible for the death of Phillip Hicken.

16.     Scottsdale is and has been defending RPU against the complaint and cross-complaint in the Underlying Action subject to reservation of rights under the Policy.

17.     As part of Scottsdale's continuing investigation of this claim, Scottsdale was informed by a representative of RPU that the accident occurred on land belonging to Phillip Hicken.  In addition, during a deposition in the Underlying Action, Keith Hicken, the son who operated the tractor, testified that the accident occurred on property owned by Philip Hicken where

-5-

the decedent had resided.

    **B.**    <u>**The Policy**</u>

    18.    The Policy included endorsement CG 21 44 (4-17) (Ex. A, pg. 37), which provides in relevant part as follows:

**LIMITATION OF COVERAGE TO DESIGNATED**

**PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| |
|---|
| Premises:<br>SEE SCHEDULE OF LOCATIONS |
| Project Or Operation: |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

A.  If this endorsement is attached to Commercial General Liability Coverage Form CG 00 01, the provisions under this Paragraph A. apply:

    1.  Paragraph 1.b. under Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:

        b.  This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

           (1) The "bodily injury" or "property damage":

-6-

(a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; … or

(b) Arises out of the project or operation shown in the Schedule;…

19.     Under "Schedule of Locations" (Ex. A, pgs. 6-7), the Policy lists twenty-one (21) premises and buildings covered by the Policy.

20.     Based on evidence discovered during the course of the Underlying Action, Scottsdale has discovered that the accident leading to the death of Phillip Hicken did not occur on the premises shown in the Schedule of Locations or the grounds and structures appurtenant to those premises and thus the claims set forth in the Underlying Action are not covered by the Policy.

## FIRST CLAIM

## (DECLARATORY RELIEF- NO DUTY TO DEFEND AGAINST RPU)

21.     Scottsdale realleges and incorporates by reference all previous paragraphs.

22.     Scottsdale owes no duty to defend RPU if there is no potential for indemnity under the Policy.  Here, there is no duty to defend because there is no possibility for coverage of claims alleged by the parties in the Underlying Action against RPU because the accident leading to the death of Phillip Hicken did not occur on the premises shown in the Schedule of Locations or the grounds and structures appurtenant to those premises.

23.     An actual and justiciable controversy exists between RPU and Scottsdale.  RPU contends Scottsdale is obligated under the Policy to defend and indemnify it for the claims set forth in the Underlying Action.  However, Scottsdale contends it is not obligated to provide a defense or indemnification for the claims asserted against RPU in the Underlying Action.

24.     Because Scottsdale asserts that it owes no duty to defend RPU and RPU asserts that Scottsdale does owe a duty to defend each of them in the Underlying Action, a true and ripe controversy exists as to the rights and obligations of Scottsdale and RPU under the Policy.

25.     Scottsdale seeks a judicial declaration that it does not owe a duty to defend RPU in the Underlying Action.  Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between RPU and Scottsdale, as described above. The Policy contains other terms, conditions and exclusions which may individually or collectively exclude coverage for the Underlying Action.

26.     The Court is vested with the power in the instant case and Scottsdale hereby respectfully requests a judicial determination and declaratory judgment of its rights.  Specifically, Scottsdale requests a declaration that the claims asserted by the parties in the Underlying Action do not trigger coverage under the Policy and, therefore, Scottsdale owes no duty to defend RPU in the Underlying Action.

## SECOND CAUSE ACTION

## (DECLARATORY RELEIF- NO DUTY TO INDEMNIFY AGAINST ALL DEFENDANTS)

27.     Scottsdale realleges and incorporates by reference all previous paragraphs.

28.     The Policy does not afford coverage for the claims alleged in the Underlying Action because the accident leading to the death of Phillip Hicken did not occur on the premises shown in the Schedule of Locations or the grounds and structures appurtenant to those premises.

-8-

29.     The parties dispute whether indemnity coverage exists under the Policy for the Underlying Action.

30.     There is an actual justiciable controversy among the parties whether insurance coverage exists under the Policy for payment of indemnity for the Underlying Action.

31.     Given the lack of coverage under the Policy, Scottsdale respectfully requests that the Court declare that Scottsdale owes no duty to indemnify the Underlying Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Scottsdale demands judgment as follows:

A.     For a declaration that the Policy does not obligate Scottsdale to defend RPU in the Underlying Action.

B.     For a declaration that in the event of a judgment against RPU, that Scottsdale owes no duty to indemnify RPU or any other party in the Underlying Action.

C.     For its costs, disbursements and attorneys' fees as provided by law; and

D.     For such other relief as the Court deems just and equitable.

DATED this 5th day of March 2021.

                                        STRONG & HANNI

                                        */s/ Chet W. Neilson*
                                        By_____
                                              Paul M. Belnap
                                              Chet W. Neilson
                                              *Attorneys for Plaintiff*

001277.00004

-9-